Senatobia Oil Company *v.* John M. Poag, Sheriff, Etc.

Privilege Taxes.　*Oil Mills.*　*Corporations.*　*Laws* 1904, *ch.* 76, *p.* 65, *sec.* 27.

The privilege tax statute, Laws 1904, ch. 76, p. 65, sec. 27, imposes such tax on oil mills, where the capital exceeds $30,000, and not on the corporation or persons operating the same; and hence in determining whether a corporation operating such a mill is liable to the tax, only such part of its capital as is used in the oil mill business is to be considered.

From the circuit court of Tate county.

Hon. James B. Boothe, Judge.

The Senatobia Oil Company, the appellant, was plaintiff in the court below; Poag, the appellee, was defendant there. From a judgment in defendant's favor the plaintiff appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Holmes & Holmes,* and *Phil A. Rush,* for appellant.

The entire capital of the appellant, the Senatobia Oil Company, on the first day of May, 1904, was less than thirty thousand dollars. The capital stock issued is shown to have been thirty thousand dollars, but we should bear in mind that this tax is laid, not upon "capital stock," but only upon "capital." The capital stock may be larger or it may be smaller than the capital, but, in either event, could not be a just measure of the probable business which the concern would do, and would therefore be a poor gauge by which to fix a privilege or business tax.

Under the proof in this case the amount of capital stock which was used by the appellant in the cotton seed business alone on the 1st day of May, 1904, and which was then, and at all other times, less than thirty thousand dollars, is the only part of its capital to be reckoned with in ascertaining its liability for a privilege tax.

As a corollary to the two propositions above, when considered in connection with the record and the rulings of the court, we shall find that the court erred gravely in two particulars: (a) In confusing the meaning of "capital" with "market value of the business, including good will;" (b) in undertaking to fix a privilege tax by considering property of appellant, which had no connection whatever with the cotton seed oil business.

The proof shows that the oil mill of appellant never did, at any time, have invested in it a sum greater than thirty thousand dollars. The proof 'shows that about twenty acres of land were bought with the expectation of erecting upon it certain other manufacturing enterprises which appellant is allowed to carry under its charter, and that such land has been separated from and never used in any way in the oil mill business.

*J. N. Flowers,* assistant attorney-general, for appellee.

The appellant's cause in this court would have been more inviting if the labor bestowed by its counsel upon the law of the case had been more expended upon the facts. It is not easy to tell whether the oil company had a capital exceeding $30,000. The circuit judge found that its capital did exceed that sum, and he had some testimony before him from which such a conclusion might be drawn. It does not clearly appear that he was wrong.

Cox, J., delivered the opinion of the court.

J. M. Poag, sheriff of Tate county, demanded of the Senatobia Oil Company, appellant, the payment of $175 privilege tax on its cotton seed oil mill. Appellant paid the same under protest, claiming that it was not liable for the said privilege tax, the capital of its oil mill not exceeding the sum of $30,000, and brought suit for its recovery in a justice's court. Upon the recovery of a judgment by appellant in the justice's court, the sheriff, who is appellee here, appealed the case to the circuit court, where judgment was rendered in favor of defendant, from which plaintiff prosecuted his appeal to this court.

As this case involves the construction of that part of the privilege tax chapter of Laws 1904, p. 58, ch. 76, which is applicable to oil mills, we quote so much of the said chapter as is pertinent to this case:

"Section 1. Be it enacted by the legislature of the state of Mississippi, That a privilege tax is created on the following industries in the state of Mississippi:  .  .  .     Cotton seed oil mills.  .  .  ."

"Sec. 27. On each cotton seed oil mill, where the capital exceeds thirty thousand dollars and less than seventy-five thousand dollars,  .  .  .     $175."

It will be observed that sec. 27, p. 65, imposes a privilege tax not on cotton seed oil companies, but on cotton seed oil mills, and that no privilege tax is created against an oil mill unless the capital exceeds $30,000. A corporation styled an "oil company" may, if authorized by its charter, not only operate an oil mill, but may also, in addition thereto, carry on various other kinds of business, as the ginning of cotton, the manufacture of ice or brick, the operation of an electric light and water plant, etc., just as an individual may do. We construe the section as intending a privilege tax on an oil mill, properly and strictly so called, and hold that, in estimating the capital of an oil mill, in order to determine whether it is in the class which is liable to the privilege tax, nothing should be considered except the capital invested or employed in the oil mill business. The capital invested in other and distinct kinds of business should not be considered for this purpose in the case of corporations any more than of individuals. The legislature has the right to impose a privilege tax on each one of the several kinds of business in which an oil mill company may under its charter engage, and, as to most of them, this has been done. If it is permissible to tax a corporation on each of the elements of its business singly and also on the sum of its business collectively, we will not assume that the legislature intended so to do where the language more naturally imports a tax upon the specific

business named. This case must be reversed because its trial in the lower court proceeded upon an opposite theory to that hereinabove announced.

Evidence was introduced which showed that the capital stock of the corporation was only $30,000; that the original cost of all the property of appellant, including their ginhouse and machinery and twenty acres of land not needed or used in the oil mill business, but cultivated in cotton, was less than $30,000, and that the present value of all of appellant's property of every kind, exclusive of good will, did not exceed $30,000. Evidence was allowed, in determining the capital of the oil mill, over the objection of appellant, of the value of the gin and the land and all the property owned by plaintiff, the Senatobia Oil Company, together with the good will of the original stockholders, which the present owners had purchased. The court refused plaintiff instructions based upon the theory that, in determining the capital of the oil mill, nothing should be considered but the capital invested or employed in the oil mill business, and gave a peremptory instruction to find for defendant. This was error, for which the case must be reversed, that a trial may be had in accordance with the view of the law herein announced.

*Reversed and remanded.*